In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Appellant, Relative to Acquiring Title to Real Estate for the City of New York, in the County of Delaware. PERRY L. WHITE et al., Respondents.— This is an appeal by the Board of Water Supply of the City of New York pursuant to title K of the Administrative Code of the City of New York from an order of Special Term which affirmed an award of the Commissioners for partial loss of business as the result of the acquisition of lands for the construction of part of the water system of the City of New York. The claimants had been engaged in the milk business for approximately 13 years with their principal place of business located in Roxbury where raw milk was purchased and processed in their plant. In 1950 milk service was extended to individual retail customers and wholesale business customers in the hamlet of Arena although the claimants testified that when they made such extensions, they knew that eventually the hamlet was to be acquired and absorbed into the city water system. The record shows that during the years 1950–1951–1952 there was a steady increase in the gross business from the Arena locality, that it fell off slightly in 1953 and that there was a sharp drop in sales during 1954 and finally cessation of business when Arena was completely evacuated in September. It was also testified that following the sharp drop in volume of milk to the Arena territory in 1954 it was no longer economically feasible to operate the processing plant in Roxbury and it was closed. The principal dispute here is the contention by the city that claimants started the business in the Arena area knowing that it was eventually doomed and therefore it constituted a temporary business and not an established business as defined in subdivision a of section K41–44.0 of the Administrative Code (formerly N. Y. City Water Supply Act, § 42, as amd. by L. 1928, ch. 525, § 7) which reads in part: "The owner of any real estate not taken  *  *  *  or

of any established business * * * directly or indirectly decreased in value * * * shall have a right to damages for such decrease in value * * * provided, however, that in the case of an established business, the recovery * * * shall not include any business that may have resulted by reason of the execution of any plans for such water supply." There is no dispute that since 1945 the territory, inclusive of the hamlet of Arena, had been acquired by the city for part of its water system and that the claimants had knowledge of such acquisition when they extended their milk business to that hamlet in 1950. While there is no evidence of bad faith on the part of the claimants in expanding their business, that alone does not create a basis for finding of an established business. It is difficult to perceive how, under any circumstances, a business may be established within the intent of the section when it is known that it was just a question of time before the property acquired would be actually converted to the intended use. The fair and reasonable construction of the section requires a finding that under such circumstances the claimants were not operating an established business within the acquired territory. Order appealed from reversed, on the law, and claim dismissed, without costs.